## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

DORIS ROGERS AND FRANK ROGERS                                    PLAINTIFFS

v.                                                      Civil Action No. 3:05-cv-57WS

SHELTER MUTUAL INSURANCE COMPANY;
CURTIS WATTS, P.A.;  CURTIS WATTS;  LESLIE A.
BRYANT;  and MARION DAVID HOLMAN, D/B/A
HOLMAN AND ASSOCIATES CONSULTING
ENGINEERS AND PLANNERS                                           DEFENDANTS

### ORDER DENYING MOTION TO REMAND

Before this court is the motion of the plaintiffs asking this court to remand this case

to the Circuit Court for the First Judicial District of Hinds County, Mississippi.  Plaintiffs

champion this motion pursuant to Title 28 U.S.C. § 1447(c).[1]  In their complaint, plaintiffs

Doris Rogers and Frank Rogers contend that they were policyholders of a homeowners

insurance policy with defendant Shelter Mutual Insurance Company ("Shelter Mutual").

Plaintiffs allege that they had been covered by the policy since 1990 and that in 2001 they

discovered their home had become infested with mold spores.  The original policy

---

[1]Title 28 U.S.C. § 1447(c) provides in pertinent part that, "[a] motion to remand the case
on the basis of any defect other than lack of subject matter jurisdiction must be made within 30
days after the filing of the notice of removal under section 1446(a)." If at any time before final
judgment it appears that the district court lacks subject matter jurisdiction, the case shall be
remanded.

covered this contingency, say plaintiffs, but due to alleged negligent handing of their account, Shelter Mutual lost track of the plaintiffs' correct mortgage lender, failed to collect the mortgage lender's insurance payment, and thereby caused the plaintiffs' homeowners policy to lapse.  Plaintiffs further contend that Shelter Mutual acknowledged its error and reinstated the plaintiffs' account with a new policy.  This new policy, though, did not cover mold spore damage.  Plaintiffs complain that Shelter Mutual had actual or constructive knowledge of the plaintiffs' mold spore problem, but reinstated their account with a policy which did not cover such damage.  Plaintiffs contend they are entitled to their original coverage since its lapse was not due to their error or omission.

Shelter Mutual disagrees.  Shelter Mutual responds that the plaintiffs' policy lapsed due to non-payment of premium, denies that it knew of the plaintiffs' problem, and demands proof that the plaintiffs ever filed a claim.

The plaintiffs' complaint targets Shelter Mutual, a non-Mississippi corporation, and also purports to state claims against three defendants who are residents of Mississippi. These defendants are Curtis Watts, individually and as Curtis Watts, P.A., a Shelter Mutual insurance agent; Leslie A. Bryant, a Shelter Mutual insurance agent;  and David Holman, individually and d/b/a Holman & Associates Consulting Engineers and Planners. The plaintiffs' complaint asserts that these defendants all were agents of Shelter Mutual at the time in question.

Against Curtis Watts and his insurance agency, the complaint asserts that Watts inspected the plaintiffs' home at some unspecified time in 2001, observed the mold damage and advised the plaintiffs to locate the source of the mold.  The complaint says

2

that in December of 2001, after their policy was reinstated, the plaintiffs again contacted

Curtis Watts about the mold problem.  Watts responded by obtaining the services of

Holman and Associates.  The complaint says that David Holman came to the home and,

without physically going under the plaintiffs' home to observe the mold damage, reported

that the problem had resulted from the insufficiency of the plaintiffs' heating and air

conditioning unit.  Plaintiffs' complaint says they also contacted Shelter Mutual agent

Leslie A. Bryant about their problem.  Plaintiffs say that Bryant informed them that they

had no claim since their reinstated Shelter policy did not cover mold damage.

The plaintiffs filed the instant lawsuit claiming negligence, gross negligence, bad

faith refusal to pay, fraud, intentional infliction of emotional distress, and actual and

punitive damages against the "defendants," a term the complaint claims to apply to all

named defendants.  The defendant Shelter Mutual timely removed this case to federal

court pursuant to Title 28 U.S.C. §§ 1441 and 1446.[2]  The jurisdictional predicate is

asserted to be Title 28 U.S.C. § 1332,[3] diversity of citizenship.  Having reviewed the

submissions of the parties and the state court complaint, this court finds that the removal

---

[2]Title 28 U.S.C. 1441(a) states in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

Title 28 U.S.C. 1446(b) states in pertinent part that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"

[3]Title 28 U.S.C. § 1332(a) provides in pertinent part that, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States; ..."

of this case to federal court was proper.  Specifically, this court finds that the complaint

fails to assert a state law claim against the non-diverse defendants Watts, Bryant and

Holman and the respective businesses of Watts and Holman.

## JURISDICTION

Although the damage section of the plaintiffs' complaint does not state a specific

amount in controversy, the nature of the claims in this case persuade this court that the

amount in controversy requirement of Title 28 U.S.C. § 1332(a) is satisfied.  *See*

*Montgomery v. First Family Financial Services, Inc.*, 239 F.Supp.2d 600, 605 (S.D. Miss.

2002) (noting that federal courts in Mississippi have consistently held that a claim for an

unspecified amount of punitive damages under Mississippi law is deemed to exceed the

amount necessary for federal jurisdiction).  Inasmuch as Shelter Mutual is a Missouri

corporation, while plaintiffs are citizens of the State of Mississippi,  and the amount in

controversy is present, this court would have subject matter jurisdiction under § 1332 but

for the presence of the three in-state defendants.  So, the question is whether these in-

state defendants are properly included in this lawsuit.

## IMPROPER JOINDER STANDARD

Shelter Mutual has the burden to prove that its removal of this lawsuit suit was

proper because federal jurisdiction exists.  *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812,

815 (5th Cir. 1993).  Where the removing party alleges that jurisdiction is based on

diversity of citizenship and charges that a party has been joined improperly merely to

defeat jurisdiction, the removing party "has the burden of proving the [improper joinder]."

*Laughlin v. Prudential Insurance Company*, 882 F.2d 187, 190 (5th Cir. 1989).  Improper

joinder is established if the removing party can demonstrate "(1) actual fraud in pleading jurisdictional facts;  or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant."  *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003), citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).  In the instant case, there is no issue of fraud as to the jurisdictional facts, so the question is whether there is a reasonable possibility that the plaintiffs have asserted a valid cause of action against any of the resident defendants.  *Travis*, 326 F.3d at 648.  If the plaintiffs' complaint fails to do so, then this court must remand this case to state court because federal diversity jurisdiction would be lacking.  *See* Title 28 U.S.C. § 1447(c) (footnote 1).

## THE NEGLIGENCE CLAIMS

Negligence against an agent acting for a known principal is an unrecognizable cause of action under Mississippi law.  *Brumfield v. Pioneer Credit Company*, 291 F.Supp.2d 462, 470 (S.D. Miss. 2003);  *see also McFarland v. Utica Fire Insurance Company of Oneida County, N.Y.*, 814 F.Supp. 518, 521 (S.D. Miss. 1992).  In circumstances where a defendant acts as an agent for a known principal, the general rule of Mississippi law is that the defendant-agent incurs no liability for a breach of duty or contract committed by the principal.  *Moore v. Interstate Fire Insurance Company*, 717 F.Supp. 1193 (S.D. Miss. 1989);  *Schoonover v. West American Insurance Company*, 665 F.Supp. 511 (S.D. Miss. 1987);  and *Gray v. United States Fidelity & Guaranty*, 646 F.Supp. 27 (S.D. Miss. 1986).  Therefore, the plaintiffs' claims for negligence and gross negligence against the resident agents based on Shelter Mutual's failure to pay insurance benefits are without merit.

5

Of course, "agents may incur individual liability when their individual conduct constitutes gross negligence, malice, or reckless disregard for the rights of the plaintiff." *Phillips v. New England Mut. Life Ins. Co.*, 36 F.Supp.2d 345, 348 (S.D. Miss. 1998) (internal quotations omitted).  "Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient" to defeat a properly supported claim of improper joinder.  *See Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392-93 (5th Cir. 2000).

The plaintiffs' complaint in the instant case makes no such assertion;  instead, the complaint describes conduct in accordance with these defendants' ordinary job duties. Curtis Watts investigated and advised the plaintiffs to ascertain the cause of the mold problem.  When the plaintiffs did not do so, and called Curtis Watts again, Watts himself sought the services of a consulting engineer.  The consulting engineer investigated and determined that the problem was related to the insufficient heating and air conditioning system.  The engineer's decision not to go under the house to observe the mold damage does not rise to the level of malice, recklessness, gross negligence, or disregard for the plaintiffs' rights.  The plaintiffs' contacting Leslie A. Bryant caused Bryant to review the plaintiff's current policy and to determine that it offered no coverage for the mold damage. The plaintiffs do not assert that Bryant had anything to do with the lapse and subsequent reinstatement of the plaintiffs' coverage with Shelter Mutual.  So, the plaintiffs have not asserted a valid cause of action for negligence or gross negligence against any of the resident defendants.  *Travis*, 326 F.3d at 648.

## BREACH OF FIDUCIARY DUTY

The plaintiffs contend that defendant agents Watts, Bryant and Holman breached a fiduciary duty because the plaintiffs placed their confidence and trust in the "defendants" to properly handle the insurance matter.  To succeed on such claims for breach of fiduciary duty, plaintiffs must allege a factual basis for such a duty.  *Lowery v. Guaranty Bank & Trust Company*, 592 So.2d 79, 83 (Miss.1991) (stating that a duty must exist before a breach of fiduciary duty can occur).

Plaintiffs have alleged none of these matters in their complaint.  As previously noted, the plaintiffs' complaint only describes conduct by these defendants which is in accordance with their ordinary job duties.  No facts are asserted which may serve as the foundation for the existence of a fiduciary duty in support of the claim for breach. Therefore, this claim does not present a reasonable possibility that the plaintiffs will be able to assert a valid cause of action against any of the resident defendants.

## BAD FAITH REFUSAL TO PAY

The plaintiffs' complaint asserts that the "defendants" denied a timely insurance claim without a legitimate reason for doing so.  The claim must be based on the obligations set forth in the Shelter Mutual contract of insurance.  The duty of good faith and fair dealing is implied in all contracts under Mississippi law.  *Cenac v. Murry*, 609 So.2d 1257, 1272 (Miss. 1992);  however, this duty only "arises from the existence of a contract between parties."  *American Bankers' Insurance of Florida v. Wells*, 819 So.2d 1196, 1207 (Miss. 2001).

In the instant case, the plaintiffs have made no showing that the resident agents Watts, Bryant and/or Holman were parties to any contract between the plaintiffs and Shelter Mutual, so, these defendants cannot be held liable for any refusal to pay benefits since this was the duty only of Shelter Mutual.

### FRAUD OR MISREPRESENTATION[4]

In order to succeed in a claim for fraud or fraudulent misrepresentation under Mississippi law, a plaintiff must prove that:  (1) defendant or his agent made a representation (2) that was false (3) and material (4) and that the person making the representation knew it to be false and (5) intended that the plaintiff act upon the representation in the manner reasonably contemplated.  *Levens v. Campbell*, 733 So.2d 753, 761-62 (Miss. 1999).  A plaintiff also must prove that (6) he was unaware that the representation was false, (7) he relied on the truth of the representation, (8) had a right to rely on the representation, and that (9) he suffered consequent and proximate injury.  *Id*. Moreover, a claim of negligent misrepresentation requires proof that: (1) defendant failed to exercise reasonable care in making (2) a misrepresentation or omission of a fact that was (3) material or significant, and that plaintiff reasonably relied on the misrepresentation or omission and was (4) damaged as a result of his reasonable reliance.  *Id*. at 762.

The fraud claim in the instant complaint asserts that the "defendants" failed to train agents, failed to take care of customers, failed to apply industry standard, failed to explain the subject insurance policy and failed to evaluate the plaintiffs' claims properly.  So, the

---

[4]The word "misrepresentation" appears only once in the complaint under the paragraph asserting breach of fiduciary duty.

fraud claim in the complaint actually asserts no fraud or misrepresentation.  The

paragraph instead asserts negligent (and perhaps fraudulent) omissions.  Claims for

fraudulent and/or negligent "omissions" depend on the existence of a fiduciary or other

confidential relationship.  *Strong v. First Family Financial Services, Inc.*, 202 F.Supp.2d

536, 540 (S.D. Miss. 2002).  Under Mississippi law, "there is no fiduciary relationship or

duty between an insurance company and its insured in a first party insurance contract."

*Gorman v. Southeastern Fidelity Insurance Company*, 621 F.Supp. 33, 38 (S.D. Miss.

1985), citing *Equitable Life Assurance Society v. Weil*, 103 Miss. 186, 60 So. 133 (1912).

In *Chiarella v. United States*, 445 U.S. 222, 228, 100 S.Ct. 1108, 63 L.Ed.2d 348 (1980),

the United States Supreme Court observed that "one who fails to disclose material

information prior to the consummation of a transaction commits fraud only when he is

under a duty to do so."  This court already has concluded that there is no factual basis for

fiduciary duty asserted in the complaint.  The plaintiffs simply do not plead sufficiently the

duty owed to them by the resident agents Watts, Bryant and Holman.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

According to the plaintiffs' complaint, the conduct of the resident agents Watts,

Bryant and Holman occurred in 2001, up to and through December of 2001.  This

complaint was filed on February 23, 2005.  Under Mississippi law, claims for intentional

infliction of emotional distress are subject to the one-year limitations period of Miss. Code

Ann. § 15-1-35 on the basis that this claim is "fairly embodied" in one or more of the torts

listed in that statute.  *Brown v. Dow Chemical Co.*, 777 F. Supp. 504, 507 n. 2 (S.D. Miss.

1989) ("Negligence actions are governed by Miss. Code Ann. § 15-1-49 (Supp.1988), a

six-year statute of limitations.  Actions based upon an intentional infliction of emotional distress are controlled by Miss. Code Ann. § 15-1-35, a one-year statute of limitations"). Therefore, the plaintiffs' claim for intentional infliction of emotional distress is time-barred.

### CONCLUSION

Therefore, based on the foregoing, the motion of the plaintiffs to remand this case to the Circuit Court for the First Judicial District of Hinds County, Mississippi [**Docket No. 6-1**] is not well taken and the same is denied.  The motion of the defendant Leslie A. Bryant to dismiss [**Docket No. 3-1**] is granted.  Pursuant to the above analysis, this court finds that the plaintiffs' complaint against the defendants Curtis Watts, individually and as Curtis Watts, P.A., a Shelter Mutual insurance agent;  Leslie A. Bryant, a Shelter Mutual agent;  and David Holman, as an agent for Shelter Mutual, individually and d/b/a Holman & Associates Consulting Engineers and Planners, shall be dismissed for improper joinder. Thus, the motions for dismissal submitted by the defendants Watts and Holman [**Docket Nos. 9-1 & 10-1**] are granted.  Without these parties, this court has subject matter jurisdiction under § 1332, diversity of citizenship.

The parties are directed to contact the assigned Magistrate Judge within ten (10) days of the this Order to schedule a Scheduling Conference.


**SO ORDERED this the 30th day of March, 2006.**

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:05-cv-57WS
Order